UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESNESKIE,

        Petitioner,               Case No. 21-cv-11283
                                                  Hon. Matthew F. Leitman
v.

MICHAEL BURGESS, WARDEN,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S
"MOTION PETITIONS" (ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 20)**

Petitioner Joseph Lesneskie is a state prisoner in the custody of the Michigan Department of Corrections. In 2017, a jury in the Oakland County Circuit Court convicted Lesneskie of first-degree murder and possession of a firearm while committing a felony. He is currently serving a life sentence without parole at the Oaks Correctional Facility in Manistee, Michigan.

On May 21, 2021, Lesneskie filed a *pro se* petition for habeas corpus in this Court seeking relief from his convictions. (*See* Pet., ECF No. 1.) The Court ordered Respondent file a response to the petition, and that response is due on December 16, 2021. (*See* Order, ECF No. 4).

Now before the Court are several "Motion-Petitions" that Lesneskie has filed seeking various forms of relief. Lesneskie seeks release (*see* ECF No. 5), criminal

1

investigations of police and the Oakland County Prosecutor (*see* ECF Nos. 6, 11, and 13), witness protection for himself and his children (*see* ECF No. 7), reinstatement of his parental rights (*see* ECF No. 8), a discovery hearing and extension of time (*see* ECF Nos. 9 and 15), information pursuant to the Freedom of Information Act (*see* ECF Nos. 10 and 12), and confirmation that the motions had been received and for the appointment of counsel (*see* ECF No. 14). Lesneskie has also filed an "Exhibit 9" (*see* ECF No. 18), a "Motion-Petition" which repeats several of his earlier requests for relief (*see* ECF No. 20), a letter to the Court asking if it has received his forty-five-page, double-sided document that, he says, contains evidence that proves that he is innocent (likely referring to ECF No. 20) (*see* ECF No. 21), and another letter about the individuals Lesneskie would like to see criminally charged with perjury (*see* ECF No. 22).

The Court has reviewed all of Lesneskie's submissions, and, for the reasons stated below, they are all **DENIED**.

# I

In 2017, a jury in the Oakland County Circuit Court convicted Lesneskie of first-degree murder, Mich. Comp. Laws § 750.316(1)(a) and possession of a firearm while committing a felony ("felony-firearm"), Mich. Comp. Laws § 750.227b. The state trial court sentenced him as a second habitual offender under Mich. Comp. Laws § 769.10 to a term of life imprisonment without parole, and to a determinate

two-year term for the felony-firearm conviction. *See People v. Lesneskie*, 2018 WL 4603849, at *1 (Mich. Ct. App. Sept. 25, 2018). Lesneskie appealed his convictions, and the Michigan Court of Appeals affirmed. *See id.* The Michigan Supreme Court denied leave to appeal that decision. *See People v. Lesneskie*, 923 N.W.2d 245 (Mich. 2019).

Lesneskie then filed a motion for relief from judgment in the state trial court. The trial court denied relief. Both the Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal that decision. *See People v. Lesneskie*, No. 354383 (Mich. Ct. App. Nov. 3, 2020), *lv. den.*, 957 N.W.2d 798 (Mich. 2021).

Lesneskie filed a petition for a writ of habeas corpus in this Court on May 21, 2021. (*See* Pet., ECF No. 1.) In the petition, he raises the following six issues:

    I.    PETITIONER CONTENDS THAT HE IS ENTITLED TO A NEW TRIAL BECAUSE OVERLY GROTESQUE PICTURES TAKEN OF THE VICTIM DURING HER AUTOPSY WERE ADMITTED AT TRIAL, AND THE PICTURES INFLAMED THE JURY AGAINST PETITIONER. PETITIONER CONTENDS THAT THE PROBATIVE VALUE OF THE THREE PHOTOGRAPHS AT ISSUE WAS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, AND SPECIFICALLY, THAT THE PHOTOGRAPHS HAD LITTLE PROBATIVE VALUE BECAUSE THE RELEVANT INFORMATION CONTAINED IN THEM WAS PRESENTED THROUGH THE TESTIMONY OF THE MEDICAL EXAMINER.

    II.    PETITIONER NEXT CONTENDS THAT A STATEMENT OF THE VICTIM WAS ERRONEOUSLY ADMITTED AT TRIAL BECAUSE IT WAS HEARSAY AND THAT THE STATEMENT PREJUDICED PETITIONER.

> III. THE PROSECUTOR VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY ARGUING FACTS NOT IN EVIDENCE CONCERNING THE DISPOSITION OF THE WHITE BAG THAT APPELLANT ALLEGEDLY USED IN THE MURDER; ALTERNATIVELY, DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO OBJECT TO THE PROSECUTOR'S ARGUMENT.
>
> IV. PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE FEDERAL CONSTITUTION WHERE HIS APPELLATE COUNSEL NEGLECTED STRONG AND CRITICAL ISSUES WHICH MUST BE SEEN AS SIGNIFICANT AND OBVIOUS
>
> V. PETITIONER WAS DENIED A FAIR TRIAL AND HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY HIS ATTORNEY'S A) FAILURE TO REQUEST A FIREARMS EXPERT, B) FAILURE TO INVESTIGATE AN ALTERNATIVE CAUSE OF DEATH
>
> VI. DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO MOVE TO CHANGE VENUE, WHERE EXTENSIVE, HIGHLY INFLAMMATORY PRE-TRIAL PUBLICITY SATURATED THE COMMUNITY AND TAINTED THE JURY POOL; AND WHERE THIRTY-SIX PERCENT OF THE PROSPECTIVE JURORS ADMITTED TO A DISCUSSION.

On June 17, 2021, the Court entered an order requiring Respondent to file a responsive pleading. (*See* Order, ECF No. 4.) That response is due December 16, 2021. (*See id.*) In July 2021, Lesneskie began filing the "Motion-Petitions" (docketed as "Petitions") described above. (*See* ECF Nos. 5-15, 18, 20, 21.) The Court will address each of these "Motion-Petitions" individually below.

4

II

A

Lesneskie first requests release from prison "for being wrongfully convicted and being held against [his] will . . . as well [as] being setup for the murder of" Erica McFadden. (ECF No. 5, PageID.107; *see also* ECF No. 20.) Lesneskie also requests that the Court dismiss all charges against him. (*See id*.) The Court will treat these filings as motions for bond pending a decision on the merits of the claims in Lesneskie's petition.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)).

At this time, the Court cannot determine whether Lesneskie has presented a substantial claim of law. Nor has Lesneskie yet shown that his circumstances are exceptional or justify special treatment. The Court therefore denies Lesneskie's motions for release from prison without prejudice.

B

In Lesneskie's next three motions (*see* ECF Nos. 6, 11, and 13), he asks the Court to order criminal investigations of the Waterford Police Department, Detective

Brent Ross, and the Oakland County Prosecutor. He also requests "gold stamped subpoenas" directed to the individuals against whom he seeks criminal charges. (ECF No. 22, PageID.256.)

As described above, this is a habeas action in which Lesneskie seeks relief from his state-court imprisonment. Lesneskie's requests for criminal investigations and subpoenas are not germane to his request for habeas relief, and the Court will therefore deny these motions with prejudice. Moreover, federal district courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute"), and Lesneskie has not shown that the Court has the authority to order the investigations he requests.

For all of these reasons, the Court denies Lesneskie's motions requesting criminal investigations (ECF Nos. 6, 11, and 13) with prejudice.

## C

Lesneskie next requests federal witness protection for himself and his family because they are in fear for their lives from the Waterford Police Department. (*See* ECF No. 7, PageID.111.) He also seeks immunity from prosecution in exchange for his testimony against the Waterford Police Department, Detective Ross, and the Oakland County Prosecutor. (*See id.*)

For all of the reasons explained immediately above that the Court denied Lesneskie's motions for criminal investigations, the Court denies Lesneskie's motion for witness protection and immunity. Neither of those requests is germane to his pending habeas petition, and Lesneskie has not shown that the Court has jurisdiction or the authority to grant him the relief he seeks. This motion is therefore denied with prejudice.

### D

In Lesneskie's next motion, he seeks "to be reinstated to be the loving Dad and Father to my children basicly [sic] requesting my kids back from the State of Michigan . . ." (ECF No. 8, PageID.113.) But whether Lesneskie should or should not have custody of his children has nothing to do with his currently-pending habeas petition before this Court. In addition, "[g]enerally, federal courts have no jurisdiction over domestic relations matters." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)) (other citation omitted). Lesneskie has not persuaded the Court that it should depart from that general rule. For all of these reasons, the Court denies this motion with prejudice.

### E

In Lesneskie's next several motions, he seeks discovery materials for his criminal case and the complete files of the Oakland County Prosecutor, Medical

7

Examiner, and Sheriff, the Waterford Police Department and his appellate and trial attorneys. (*See* ECF No. 10, PageID.117.) He says that he needs this information for a "proper evidence brief." (*Id.*; *see also* ECF No. 14, PageID.132; ECF No. 15, PageID.136.)

Whether the Court should grant discovery is governed by Rule 6 of the Rules Governing 28 U.S.C. § 2254 cases. That rule provides that discovery is within the discretion of the habeas court, and a grant of discovery requires "a fact specific showing of good cause" by the petitioner. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citations omitted). "[A] court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (citing *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). Before granting such motions, the Court "must review the answer, any transcripts and records . . . and any [other applicable] materials . . . to determine whether [such] hearing is warranted." Rules Governing § 2254 Cases, Rule 8.

Lesneskie's request for discovery is premature. Respondent has not yet filed an answer to the petition. Nor has Respondent filed any transcripts or other records. Accordingly, the Court will deny Lesneskie's motions for discovery as premature. If the Court later determines that further development of the record is necessary for

the proper resolution of Lesneskie's petition, it will grant discovery at that time. Lesneskie need not file another motion on this issue.

### E

Next, Lesneskie has filed two motions requesting information pursuant to the Freedom of Information Act ("FOIA"). (*See* ECF Nos. 10, 12.) More specifically, Lesneskie seeks all documents, files, and photographs associated with his trial. (*See id.*)

A claim under FOIA is not properly raised in a federal habeas action. Thus, to the extent Lesneskie claims a violation of FOIA, that claim is not properly before the Court. To the extent that Lesneskie seeks discovery of documents associated with his trial, that request is premature for all of the reasons stated immediately above. The Court denies these motions without prejudice.

### F

Finally, Lesneskie has filed a motion requesting the appointment of counsel. (*See* ECF No. 14.) A habeas petitioner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Wright v. West*, 505 U.S. 277, 293 (1992). A court may appoint counsel for an indigent person seeking habeas relief when "the interests of justice so require," 18 U.S.C.A. § 3006A(a)(2)(B).

Lesneskie has not shown that the interests of justice require the appointment of counsel. The Court therefore declines to appoint him counsel at this time. Following receipt of Respondent's answer to the petition, the Court may re-consider Lesneskie's request. Lesneskie need not file another motion on this issue.

## III

The Court reminds Lesneskie that this is a limited proceeding in which he is seeking federal habeas relief from his state-court convictions. This action is not the proper forum to make requests that do not relate to the now pending request for habeas relief. The Court therefore instructions Lesneskie to cease filing the kinds of motions addressed above that are not relevant to his pending habeas petition.

## IV

For all of the reasons explained above, the following motions are **DENIED WITH PREJUDICE**:

- Motion-Petition requesting investigation. (ECF No. 6.)
- Motion-Petition for witness protection. (ECF No. 7.)
- Motion-Petition requesting reinstatement of Lesneskie's parental rights. (ECF No. 8.)
- Motion-Petitions regarding criminal complaint. (ECF Nos. 11, 13.)
- Motion-Petition requesting response. (ECF No. 14, except as to the request for the appointment of counsel.)
- Motion-Petition requesting criminal investigation, release, dismissal of charges. (ECF No. 20.)

Further, the Court **DENIES WITHOUT PREJUDICE** the following motions:

- Motion-Petition requesting Release (ECF No. 5, 20.)

- Motion-Petitions requesting discovery, hearings, and extension of time. (ECF No. 9, 15.)

- Motion-Petitions regarding the Freedom of Information Act. (ECF Nos. 10, 12) to the extent those motions seek discovery.

- Motion-Petition requesting response. (ECF No. 14, as to Lesneskie's request for appointment of counsel only.)

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764