UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESNESKIE,

        Petitioner,                      Case No. 21-cv-11283
                                                  Hon. Matthew F. Leitman

v.

MICHAEL BURGESS,

        Respondent.

_____/

**ORDER DENYING PETITIONER'S "MOTION-PETITIONS"**
**(ECF Nos. 26, 27, 28, 29, 30, 32, 33, 34, 35, and 36)**

Petitioner Joseph Lesneskie is a state prisoner in the custody of the Michigan Department of Corrections. In 2017, a jury in the Oakland County Circuit Court convicted Lesneskie of first-degree murder and possession of a firearm while committing a felony. The state trial court then sentenced Lesneskie to a sentence of life without parole.

On May 21, 2021, Lesneskie filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Respondent filed a response in opposition to the petition on December 16, 2021. (*See* Resp., ECF No. 24.)

On December 8, 2021, this Court entered an order denying twelve "Motion-Petitions" that Lesneskie had filed (the "December 8 Order"). (*See* December 8

Order, ECF No. 23.) Now before the Court are eight more such "Motion-Petitions," several of which duplicate the motions denied in the December 8 Order. In these motions, filed on December 7, 2021, Lesneskie seeks an evidentiary hearing and discovery (ECF No. 26); reinstatement of his parental rights (ECF No. 27); witness protection for himself and his children (ECF No. 28); full reversal of his charges and exoneration (ECF No. 29); full criminal investigations of and criminal charges against the Waterford Police Department, the Oakland County Prosecutor, and the Oakland County medical examiner (ECF Nos. 30, 32); and the issuance of subpoenas and additional discovery. (ECF Nos. 35, 36.) Also on December 7, Lesneskie filed an amended habeas petition and affidavit in support of his amended petition. (*See* ECF Nos. 33, 34.) The Court construes the amended petition as a motion to amend Lesneskie's initial petition. Finally, Lesneskie has filed an affidavit in support of his claim that he was wrongfully convicted. (*See* Aff., ECF No. 31.)

The Court has carefully reviewed all of Lesneskie's motions and related filings. For the reasons stated below, the motions are all **DENIED**.

I

In 2017, a jury in the Oakland County Circuit Court convicted Lesneskie of first-degree murder in violation of Mich. Comp. Laws § 750.316(1)(a) and possession of a firearm while committing a felony ("felony-firearm") in violation of Mich. Comp. Laws § 750.227b. The state trial court then sentenced Lesneskie as a

second habitual offender under Mich. Comp. Laws § 769.10 to a term of life imprisonment without parole, and to a determinate two-year term for the felony-firearm conviction. *See People v. Lesneskie*, 2018 WL 4603849, at *1 (Mich. Ct. App. Sept. 25, 2018) (describing sentence). Lesneskie appealed his convictions, and the Michigan Court of Appeals affirmed. *See id*. The Michigan Supreme Court denied leave to appeal that decision. *See People v. Lesneskie*, 923 N.W.2d 245 (Mich. 2019).

Lesneskie then filed a motion for relief from judgment in the state trial court. That court denied relief. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal that decision. *See People v. Lesneskie*, No. 354383 (Mich. Ct. App. Nov. 3, 2020), *lv. den*., 957 N.W.2d 798 (Mich. 2021).

On May 21, 2021, Lesneskie filed a petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In the petition, Lesneskie raises the following six claims:

> I. PETITIONER CONTENDS THAT HE IS ENTITLED TO A NEW TRIAL BECAUSE OVERLY GROTESQUE PICTURES TAKEN OF THE VICTIM DURING HER AUTOPSY WERE ADMITTED AT TRIAL, AND THE PICTURES INFLAMED THE JURY AGAINST PETITIONER. PETITIONER CONTENDS THAT THE PROBATIVE VALUE OF THE THREE PHOTOGRAPHS AT ISSUE WAS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE, AND SPECIFICALLY, THAT THE PHOTOGRAPHS HAD LITTLE PROBATIVE VALUE BECAUSE THE RELEVANT INFORMATION CONTAINED IN THEM WAS PRESENTED THROUGH THE TESTIMONY

3

      OF THE MEDICAL EXAMINER.

  II.    PETITIONER NEXT CONTENDS THAT A STATEMENT OF THE VICTIM WAS ERRONEOUSLY ADMITTED AT TRIAL BECAUSE IT WAS HEARSAY AND THAT THE STATEMENT PREJUDICED PETITIONER.

  III.    THE PROSECUTOR VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY ARGUING FACTS NOT IN EVIDENCE CONCERNING THE DISPOSITION OF THE WHITE BAG THAT APPELLANT ALLEGEDLY USED IN THE MURDER; ALTERNATIVELY, DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO OBJECT TO THE PROSECUTOR'S ARGUMENT.

  IV.    PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY THE FEDERAL CONSTITUTION WHERE HIS APPELLATE COUNSEL NEGLECTED STRONG AND CRITICAL ISSUES WHICH MUST BE SEEN AS SIGNIFICANT AND OBVIOUS

  V.    PETITIONER WAS DENIED A FAIR TRIAL AND HIS CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL BY HIS ATTORNEY'S A) FAILURE TO REQUEST A FIREARMS EXPERT, B) FAILURE TO INVESTIGATE AN ALTERNATIVE CAUSE OF DEATH

  VI.    DEFENSE TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN FAILING TO MOVE TO CHANGE VENUE, WHERE EXTENSIVE, HIGHLY INFLAMMATORY PRE-TRIAL PUBLICITY SATURATED THE COMMUNITY AND TAINTED THE JURY POOL; AND WHERE THIRTY-SIX PERCENT OF THE PROSPECTIVE JURORS ADMITTED TO A DISCUSSION.

On December 16, 2021, Respondent filed a response in opposition to the Petition. (*See* Resp., ECF No. 24.) Lesneskie filed his most recent motions and

related pleadings, described above, on December 7, 2021. (*See* ECF Nos. 26-36.) They were docketed with the Court on December 28, 2021. The Court will address the "Motion-Petitions" and his amended petition separately below.

## II

### A

The Court begins with Lesneskie's motions for an evidentiary hearing, discovery, and subpoenas. (*See* Motions, ECF Nos. 26, 35, 36.)

Lesneskie first requests an "evidentiary hearing for discovery and to extend the court[']s records . . . [and] for full disclosure of all court documents and complete court case files and transcripts and photos . . ." (Mot., ECF No. 26, PageID.1749.) He also requests that the Court issue subpoenas duces tecum related to those records, and he further seeks the production of police investigation reports, photographs, sketches, forensic analysis, and hand-written notes. (*See* Mot., ECF No. 35, PageID.1782.) Finally, Lesneskie asks for "gold stamped subpoenas," so that he can obtain complete court files, transcripts, documents, and photos and so that he can subpoena certain witnesses on his behalf. (Mot., ECF No. 36, PageID.1785.)

The Court denied similar requests in the December 8 Order as premature. (*See* December 8 Order, ECF No. 23, PageID.264-266.) As the Court previously explained to Lesneskie, a grant of discovery in a habeas action requires "a fact specific showing of good cause" by the petitioner. *Stanford v. Parker*, 266 F.3d 442,

460 (6th Cir. 2001) (citations omitted). Indeed, "a court must provide discovery in a habeas proceeding only 'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). And deciding a motion for an evidentiary hearing requires the Court "review the answer, any transcripts and records[,]" and any other pertinent materials. Rules Governing § 2254 Cases, Rule 8.

Here, Respondent filed his answer and the Rule 5 materials (*i.e.*, the state-court transcripts and other court records) on December 16, 2021, and the Court has not had the opportunity to review those records. Moreover, Lesneskie may still file a reply to Respondent's answer for the Court's consideration. Accordingly, the motions for discovery and an evidentiary hearing remain premature. The Court therefore denies the motions without prejudice. The Court will reconsider Lesneskie's requests if it concludes that further development of the record is necessary for proper resolution of this matter. Lesneskie need not file another motion on these issues.

## B

Lesneskie next repeats his previous requests that the Court reinstate his parental rights and place his family in the federal witness protection program. (*See*

Motions, ECF No. 27, 28.) Neither issue has any connection or relevance to Lesneskie's petition for habeas relief. And, as the Court explained in the December 8 Order, federal courts generally have no jurisdiction over domestic relations or family law matters. *See, e.g., Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (holding that district court "lacked jurisdiction" to review petitioner's attack on state-court "domestic relations matters"). For all of these reasons, the Court denies these motions with prejudice. The motions should not be re-filed in this case.

## C

Next, Lesneskie seeks "full reversal of all charges and to be exonerated for being wrongfully convicted . . . . and fully released from MDOC prison as soon as possible[.]" (Mot., ECF No. 29, PageID.1758.) As it did in the December 8 Order, the Court will construe this motion as a motion for bond pending a decision on the merits of the claims in Lesneskie's petition.

Receiving such a bond requires a petitioner show (1) a substantial claim of law based on the facts and (2) exceptional circumstances that justify special treatment in the interests of justice. *See Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Exceptional circumstances may include a petitioner's grave illness, a "minor crime and . . . short sentence," or "possibly . . . an extraordinary delay in processing the habeas petition." *Blocksom v. Klee*, No. 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015). Lesneskie has not argued the existence of any such circumstances

7

supporting his request for release. Nor has the Court yet determined whether Lesneskie has presented a substantial claim of law. For all of these reasons, the Court denies this motion without prejudice.

**D**

Lesneskie next requests a full criminal investigation of, and criminal charges brought against, the Waterford Police Department, Detective Brent Ross, the offices of the Oakland County medical examiner and prosecutor. (*See* Mot. ECF No. 30, PageID.1761.) In addition, in his motion-petition alleging a "Radical Defect of Jurisdiction," Lesneskie identifies numerous examples of allegedly falsified evidence and perjured testimony. (*See* Mot., ECF No. 32, PageID.1767-1768.) As relief for that alleged misconduct, Lesneskie again requests investigations and charges against the same parties, as well as a full exoneration for himself and compensation for his wrongful conviction. (*See id.*, PageID.1768-1769.)

As the Court explained in the December 8 Order, Lesneskie's requests for criminal investigations against those involved in his prosecution are not relevant to his request for habeas relief. (*See* December 8 Order, ECF No. 23, PageID.263.) Accordingly, with respect to Lesneskie's requests for criminal investigations and criminal charges, the Court again denies the motion with prejudice. For the reasons explained in the previous section, the Court construes Lesneskie's demand for

8

exoneration as a motion for release on bond pending a merits determination in this case, and the Court denies that portion of his motion without prejudice.

E

Lesneskie's final new filings are (1) an amended petition in which he asserts that his convictions were the result of falsified evidence and perjury and suffer from a radical defect of jurisdiction, and (2) an affidavit in support of his amended petition. (*See* Mot. and Aff., ECF Nos. 33, 34.) The Court will construe these pleadings together as a motion to amend the petition to include the new ground for relief.

All the issues that Lesneskie raises in his initial habeas petition are exhausted. But the new issue that Lesneskie raises in the amended petition is unexhausted. Permitting the amendment would therefore result in a "mixed" petition, that is, a petition that includes both exhausted and unexhausted claims. But habeas courts may not review "mixed" petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (citing 28 U.S.C. § 2254(b)(1)(A)); *see also Rockwell v. Yukins*, 217 F.3d 421, 424 (6th Cir. 2000) (citing *Rose v. Lundy*, 455 U.S. 509, 519 (1982)). *Rockwell* observed that the "only circumstance under which mixed petitions may be considered by a district court is where the court determines that the petition must be denied in its entirety." *Rockwell*, 217 F.3d at 424 (citing 28 U.S.C. § 2254(b)). The *Rockwell* court then explained that when a district court is presented with a motion to amend a petition

9

that results in a mixed petition, "the optimal course of action" is "to deny the motion, thus giving [the petitioner] the option of either proceeding with her two exhausted claims or withdrawing her petition and pursuing her third claim in state court." *Id*. The Court will therefore deny Lesneskie's motion to amend his petition.

However, if Lesneskie wishes to attempt to exhaust this claim, the Court is willing to stay this action to permit him to do so. In order to attempt to exhaust this claim, Lesneskie will need to file a second motion for relief from judgment on the new issue in the state trial court, and then appeal that court's denial of the motion (if any) to the Michigan Court of Appeals and the Michigan Supreme Court. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). Once Lesneskie has fully completed his efforts to exhaust this claim in the state courts, Lesneskie may then return to this Court and file a motion to amend his petition to add this new claim. If Respondent believes that Lesneskie shall not be granted leave to amend, he may oppose the motion to amend at that time.

Alternatively, Lesneskie may elect to drop the issue raised in the amended petition and proceed to an adjudication on the merits of only the claims raised in his original petition. As described in more detail below, Lesneskie shall inform the Court whether he wants the Court to either (1) stay this action so that he can return

10

to state court and attempt to exhaust his new claim or (2) proceed to consider only the exhausted claims included in the initial petition.

### F

Finally, the Court cautions Lesneskie that repeated motions on the same subject matter, especially matters that bear no relevance to his habeas petition, are an abuse of the judicial process. District courts possess inherent authority to sanction parties whose actions are vexatious, frivolous, or undertaken in bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). For example, courts "may impose pre-filing restrictions on an individual with a history of repetitive or vexatious litigation[,]" *Shepard v. Marbley*, 23 F. App'x 491, 493 (6th Cir. 2001), such as an order that all new filings require obtaining leave of the court. *See Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

While the Court will not, at this time, require Lesneskie to obtain the Court's permission before filing any new motions, the Court retains the authority to impose such requirements in the future should his conduct warrant such sanctions.

### III

For all of the reasons stated above, the Court **DENIES WITH PREJUDICE** the following motions brought by Lesneskie:

- Motion-Petition requesting reinstatement of Lesneskie's parental rights. (ECF No. 27.)
- Motion-Petition for witness protection. (ECF No. 28.)

- Motion-Petitions requesting criminal investigation, release, and dismissal of charges. (ECF Nos. 30, 32.)

In addition, the Court **DENIES WITHOUT PREJUDICE** the following motions brought by Lesneskie:

- Motion-Petitions requesting discovery, an evidentiary hearing, and subpoenas. (ECF Nos. 26, 35, 36.)

- Motion-Petitions requesting full reversal of charges and exoneration. (ECF Nos. 29, 32.).

Finally, the Court denies Lesneskie's motion to amend his petition. (ECF Nos. 33, 34.) Lesneskie is **ORDERED** to inform the Court, in writing, by no later than **April 11, 2022**, whether he wishes to:

(1) proceed to a decision on the merits of his original habeas petition; **OR**

(2) have the Court to enter a stay in this action so that he can return to the state courts and attempt to exhaust the issue raised in his amended petition.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126