UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LESNESKIE,

        Petitioner,

                                     Case No. 21-cv-11283
v.                                    Hon. Matthew F. Leitman

MICHAEL BURGESS, WARDEN,

        Respondent.
_____/

**ORDER (1) DENYING PETITIONER'S MOTIONS FOR WITNESS PROTECTION AND APPOINTMENT OF COUNSEL (ECF Nos. 39, 40); (2) GRANTING PETITIONER'S REQUESTS FOR STAY (ECF Nos. 41, 42); (3) HOLDING PETITION FOR A WRIT OF HABEAS CORPUS (ECF Nos. 1, 33) IN ABEYANCE; AND (4) ADMINISTRATIVELY CLOSING CASE**

On May 21, 2021, Petitioner Joseph Lesneskie filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) Lesneskie has also filed numerous motions and "motion-petitions" in this case. The Court addressed those motions and motion-petitions in orders issued on December 8, 2021, and February 8, 2022. (*See* Orders, ECF Nos. 23, 37.)

On December 7, 2021, Lesneskie filed an amended habeas petition and affidavit in support of that petition. (*See* Am. Pet., ECF Nos. 33, 34.) Respondent filed a Response to the original Petition on December 16, 2021. (*See* Resp., ECF No. 24.) Lesneskie has also moved for witness protection and the appointment of counsel. (*See* Mots., ECF No. 39, 40.)

The Court first addresses Lesneskie's motion for the appointment of counsel and denies it.  A habeas petitioner has no absolute right to be represented by counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Wright v. West*, 505 U.S. 277, 293 (1992). A court may appoint counsel for an indigent person seeking habeas relief when "the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B); and must do so under certain specified circumstances. *See* Rules Governing § 2254 Cases, Rule 6(a) (discovery), 8(c) (evidentiary hearings). Neither the interests of justice nor the current circumstances require the appointment of counsel now.  The Court therefore **DENIES** Lesneskie's motion for the appointment of counsel **WITHOUT PREJUDICE**.

Next, the Court **DENIES** Lesneskie's motions for witness protection. As the Court has previously told Lesneskie on multiple occasions, his requests for this relief lack a factual connection to his current habeas petition. (*See* Orders, ECF No. 23, PageID.264; ECF No. 37, PageID.1794.)

Finally, the Court **GRANTS** Lesneskie's requests to stay his habeas petition. Before raising claims in a federal habeas corpus petition, state prisoners must exhaust their claims by first presenting them to the state courts. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Because Lesneskie's amended petition raised an unexhausted claim, his petition became "mixed," (*i.e.*, a

petition that contained both exhausted and unexhausted claims), and federal habeas courts may not review "mixed" petitions. *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (citing 28 U.S.C. § 2254). Accordingly, in its February 8, 2022 order, the Court directed Lesneskie to inform the Court whether he preferred either to (1) stay the petition so he could return to state court and attempt to exhaust his new claim, or (2) drop the unexhausted claim and proceed to the merits on the exhausted claims presented in his original petition.

Lesneskie has now requested the Court stay his petition so that he may return to the state courts. (*See* Requests, ECF Nos. 41, 42.) Pursuant to *Rhines*, *supra*, a federal court may opt to stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings. *See Rhines*, 544 U.S. at 278. The Court believes such a stay is appropriate here while Lesneskie attempts to exhaust his unexhausted claim in state court. Accordingly, Lesneskie's requests to hold his petition in abeyance are **GRANTED**.

This stay is conditioned upon Lesneskie presenting his unexhausted claim to the state courts by filing a motion for relief from judgment in the state trial court within ninety (90) days of the date of this order. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing similar procedure). If that court denies Lesneskie's motion, he must seek timely review in the Michigan Court of Appeals and the Michigan Supreme Court in the manner provided under Michigan law. *See id.*

The stay is further conditioned on Lesneskie's return to this Court with a motion to amend his petition and re-open the case, using the same caption and case number included at the top of this order, within ninety (90) days of exhausting his state court remedies. If Lesneskie fails to comply with any of the conditions described in this order, the Court may dismiss his petition and/or rule only on his currently exhausted claim(s). *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (concluding that the district court's dismissal of a habeas petition was appropriate because the petitioner failed to comply with the conditions of the district court's stay).

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case for administrative purposes only. On receipt of Lesneskie's motion to amend his petition and re-open this case, the Court will order the Clerk to re-open the case for statistical purposes. Nothing in this Order or the related docket entry shall be construed as an adjudication of Lesneskie's current claims. *See Sitto v. Bock*, 207 F.Supp.2d 668, 677 (E.D. Mich. 2002).

Accordingly, for all of the reasons explained above, **IT IS HEREBY ORDERED** as follows:

- Lesneskie's motions for witness protection (ECF Nos. 39, 40) are **DENIED WITH PREJUDICE**;

- Lesneskie's motion for the appointment of counsel (ECF No. 40) is **DENIED WITHOUT PREJUDICE**;

- Lesneskie's motions to hold his habeas petition in abeyance (ECF Nos. 41, 42) are **GRANTED** as set forth above; and

- The Clerk of the Court shall close this case for administrative purposes only.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 21, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126